RUTH DE MARS, GOLDIA HALL, MICHAEL THOMAS KIRCHNER, PATRICK MARTIN KIRCHNER, AND KELLY HERBERT KIRCHNER, Appellants, v. ORLAND P. SLAMA, AND ROBERTA KIRCHNER WRIGHT, Executrix of the Estate of HAROLD THOMAS KIRCHNER, Deceased, Respondents.

No. 8158

September 29, 1975                    540 P.2d 119

*Johnson & Belaustegui,* Reno, for Appellants.

*Hawkins, Rhodes, Sharp & Barbagelata,* Reno, for Respondents.

## OPINION

*Per Curiam:*

In 1973, Harold Kirchner died testate, leaving everything to respondent Roberta Kirchner Wright, his ex-wife. Contesting the will, the appellants herein, three nephews and two aunts of decedent, contended NRS 133.115 precluded respondent Wright from taking any property under the will. The district court held NRS 133.115, pertaining to revocation of a will by divorce, had no application to this case.[1] We agree.

---

[1] 133.115   Revocation of provisions of will in favor of former spouse on divorce, annulment; exceptions.   Divorce or annulment of the marriage of the testator revokes every beneficial devise, legacy or interest

In 1961, the deceased married respondent Wright in Montana, where he executed a will leaving all property to her. Following entry of an Arizona divorce decree in 1965, Kirchner moved to Nevada where he remained until his death. In Nevada, prior to 1967, divorce did not work revocation of will provisions in favor of a former spouse. In Re Arnold's Estate, 60 Nev. 376, 110 P.2d 204 (1941). However, in 1967, the Legislature enacted NRS 133.115. Thus, whether NRS 133.115 applies to change the rule previously recognized, in cases where divorce preceded the statute's effective date, is the only issue we need now decide.

Appellants contend that a will is ambulatory by nature, with no rights vesting until the death of the testator, and thus that the law in effect at death should be applicable. See: In Re Ziegner's Estate, 264 P. 12 (Wash. 1928). Respondents cite Champaign County Bank and Trust Co. v. Jutkins, 193 N.E.2d 779 (Ill. 1963), wherein the court held a statute similar to ours did not apply retrospectively to wills executed before the legislation, even though the divorce occurred after enactment of the statute. Here, however, not only does the will predate the statute, but the divorce occurred before the legislation's effective date.

By its terms, NRS 133.115 does not declare that divorce ipso facto shall work revocation of will provisions favoring a former spouse. It merely declares this result will follow if a different provision is not made by the court or the parties during the divorce proceedings. Obviously, such opportunities to avoid the statute's force would not be afforded—as the statute clearly intends them to be—were this court to apply the statute retrospectively to divorces obtained before its enactment. Thus, we think, far from manifesting intent that NRS 133.115 should apply where divorce has preceded the legislation, that statute instead shows it cannot be fully operable in such circumstances, which strongly indicates it was not intended to be operable at all.

Affirmed.

---

given to the testator's former spouse in a will executed before the entry of the decree of divorce or annulment unless otherwise:

1. Provided in a property or separation agreement which is approved by the court in the divorce or annulment proceedings and not merged in the decree; or

2. Ordered by the court in the divorce or annulment proceedings, and the will shall take effect in the same manner as if the former spouse had died before the testator.